# In the United States District Court
# For the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| FRANKLIN L. WILLIAMS, | * | |
| | * | |
| Petitioner, | * | CIVIL ACTION NO.: 2:15-cv-118 |
| | * | |
| v. | * | |
| | * | |
| THURBERT E. BAKER; and STATE OF GEORGIA, | * | |
| | * | |
| | * | |
| Respondents. | * | |

## ORDER

Presently before the Court are Petitioner Franklin Williams' ("Williams") Rule 60(b) Motion "Negligent Dismissal for Failure to Pay" filing fee and his Rule 60(b)(6) Motion based on this Court's dismissal of Williams' 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus without issuing a merits-based determination. Dkt. Nos. 29, 30. For the reasons which follow, the Court **DISMISSES** Williams' Rule 60(b) Motion, dkt. no. 29, and **DENIES** Williams' Rule 60(b)(6) Motion, dkt. no. 30.

I.  **Williams' Rule 60(b) Motion, Dkt. No. 29**

This Court dismissed Williams' 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus on June 17, 2016, as an unauthorized second or successive petition. Dkt. No. 19. Not surprisingly,

Williams filed a Notice of Appeal of this Court's Order. Dkt. No. 20. The Eleventh Circuit Court of Appeals denied Williams' motion to proceed *in forma pauperis* and dismissed his appeal, as he did "not have a non-frivolous issue with . . . respect to the dismissal of his § 2254 petition." Dkt. No. 26, p. 3.

In the instant Motion, Williams takes issue with the Eleventh Circuit's "negligent dismissal" of his appeal for lack of prosecution based on his failure to pay the applicable filing fee. Dkt. No. 29, p. 1. Williams maintains the dismissal of his appeal without a ruling on the relative merits of his appeal violates his rights under the First and Sixth Amendments to the United States Constitution. Id.

First, the Eleventh Circuit determined Williams' appeal was frivolous and dismissed on that basis, not on any alleged failure to pay the filing fee. Additionally, it is clear Williams mistakenly filed his Motion with this Court. Through his Motion, he seeks relief from the Eleventh Circuit's dismissal and judgment, not from the judgment of this Court. Consequently, this Court **DISMISSES** Williams' Rule 60(b) Motion. Should Williams wish to move the Eleventh Circuit Court of Appeals for relief from its judgment, he must do so by filing a motion in that Court.

## II. Williams' Rule 60(b)(6) Motion, Dkt. No. 30

In this Motion, Williams contends this Court abused its discretion in dismissing his Section 2254 Petition as an unauthorized second or successive petition rather than addressing the relative merits of his Petition. Dkt. No. 30, pp. 1-2. Williams then launches into a rambling diatribe about filing fees and previously-litigated causes of action, and Williams once again attempts to present the "merits" of his Section 2254 Petition. Id. at pp. 3-10.

Rule 60(b) provides that a Court may relieve a party from a judgment, order, or proceeding in a limited number of circumstances including: (1) mistake or neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; or, (5) the judgment has been satisfied. Fed. R. Civ. P. 60(b)(1)-(5). Additionally, the catchall provision of Rule 60(b) authorizes relief from a judgment, order, or proceeding based on "any other reason that justifies relief" raised "within a reasonable time . . . after the entry of the judgment or order." Fed. R. Civ. P. 60(b)(6). Relief under Rule 60(b)(6) is an "extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984)(citation omitted); see also Arthur v. Thomas. 739 F.3d 611, 628 (11th Cir. 2014).

3

Williams' Rule 60(b)(6) Motion fails on the merits because it does not meet any of the grounds for relief set forth in Rule 60. Williams is either unwilling or unable to accept this Court's repeated rulings that he cannot bring an unauthorized Section 2254 petition in this Court, and the Court lacks jurisdiction to entertain the merits of such filings. Williams proffers no legitimate reason for this Court to disturb its prior rulings, and he undoubtedly fails to reveal "exceptional circumstances" warranting this extraordinary remedy. The Court **DENIES** Williams' Rule 60(b)(6) Motion.

## CONCLUSION

For the above-state reasons, the Court **DISMISSES** Williams' Rule 60(b) Motion, dkt. no. 29, and **DENIES** Williams' Rule 60(b)(6) Motion, dkt. no. 30. The Court's June 17, 2016, Order remains the Order of the Court, and this case remains **CLOSED**.

**SO ORDERED**, this 23 day of February, 2017.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)